UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID HAYES,

       Plaintiff,

                                Civil Case No. 14-10686

v.                                Honorable Linda V. Parker

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.

_____/

**OPINION AND ORDER (1) ADOPTING MAGISTRATE JUDGE'S
JANUARY 27, 2015 REPORT AND RECOMMENDATION; (2) DENYING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; AND (3)
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

On February 13, 2014, Plaintiff filed this lawsuit challenging Defendant's

final decision denying his application for Disability Insurance Benefits and

Supplemental Security Income under the Social Security Act.  On the same date,

the matter was referred to a magistrate judge for all pretrial proceedings, including

a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C.

§ 636(b)(1)(A) and/or a report and recommendation ("R&R") on all dispositive

matters pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 2.)  The case was assigned

to Magistrate Judge Patricia T. Morris on April 24, 2014.[1] The parties subsequently filed cross-motions for summary judgment.  (ECF Nos. 9, 11.)

On January 27, 2014, Magistrate Judge Morris issued her R&R in which she recommends that this Court deny Plaintiff's motion, grant Defendant's motion, and affirm Defendant's decision finding Plaintiff not disabled under the Social Security Act.  (ECF No. 13.)  In the R&R, Magistrate Judge Morris rejects Plaintiff's argument that the ALJ failed to take into account all of his credible impairments when formulating his residual functional capacity ("RFC") and posing a hypothetical question to the vocational expert. (*Id.* at 17, 20-21.)  Magistrate Judge Morris finds that the medical reports and other evidence in the record did not support Plaintiff's hearing testimony and thus the ALJ did not err in rejecting his claimed limitations.  (*Id.*)  Finding substantial evidence in the record to support the ALJ's decision, Magistrate Judge Morris concludes by recommending that the Court affirm Defendant's decision. (*Id.* at 21.)

At the end of her R&R, Magistrate Judge Morris advises the parties that they may object to and seek review of the R&R within fourteen days of service upon them. (*Id.* at 22-23.)  She further specifically advises the parties that "[f]ailure to

---

[1] The matter first was assigned to then Magistrate Judge Laurie J. Michelson.  Upon her elevation to a district judge position, the matter was reassigned to recalled Magistrate Judge Charles E. Binder pursuant to Administrative Order 14-AO-015. It then was assigned to Magistrate Judge Morris pursuant to Administrative Order 14-AO-023, upon her appointment to the position.

file specific objections constitutes a waiver of any further right to appeal." (*Id*.) Neither party filed objections to the R&R. This Court has carefully reviewed the R&R and now concurs with the conclusions reached by Magistrate Judge Morris.

In his summary judgment motion, Plaintiff argues that the ALJ's hypothetical did not accurately portray his impairments. (ECF No. 10 at Pg ID 464.) Plaintiff contends that the medical record supports his hearing testimony; however, all that he cites from the medical evidence are his own subjective statements. (*Id*. at Pg ID. 465.) Typical of the cookie-cutter summary judgment motions filed by Plaintiff's counsel in other cases, Plaintiff's motion contains mostly recitation to case law and little citation to record evidence supporting his claim. *See, e.g., Fielder v. Comm'r of Soc. Sec'y*, No. 13-10325, 2014 WL 1207865, at *1, n. 1 (E.D. Mich. Mar. 24, 2014) (remarking "that this reliance on conclusory assertions and absence of developed argument has become the calling card of Plaintiff's counsel in a number of recent Social Security cases, and nearly every Magistrate Judge in this District has expressed this concern with the work product of Plaintiff's counsel.") For example, as Plaintiff's counsel has done repeatedly in summary judgment briefs filed on behalf of other social security claimants, he refers to the treating physician rule but never identifies a treating source whose opinion was not properly considered by the ALJ. (ECF No. 10 at Pg ID 466-68.)

The Court therefore adopts Magistrate Judge Morris' January 27, 2015

Report and Recommendation and is affirming Defendant's decision denying

Plaintiff social security benefits.

Accordingly,

**IT IS ORDERED**, that Plaintiff's motion for summary judgment (ECF No.

9) is **DENIED**;

**IT IS FURTHER ORDERED**, that Defendant's motion for summary

judgment (ECF No. 11) is **GRANTED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: March 12, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of
record and/or pro se parties on this date, March 12, 2015, by electronic and/or U.S.
First Class mail.

s/ Richard Loury
Case Manager